IN THE MATTER OF THE APPLICATION OF L. C., DOCKET NO. 50491 AND IN THE MATTER OF THE APPLICATION OF J. F., DOCKET NO. 50492.

Camden County Court

October 28, 1977.

*Ms. Linda G. Rosenzweig* for applicants (Camden Regional Legal Services, Inc.)

DOUGLAS, J. C. C. Petitioners' applications pursuant to *N. J. S. A.* 30:4–80.8 *et seq.* for expungement of records of commitment to a facility providing mental health services was granted.

Petitioner's orders submitted to implement such grant provided in relevant part as follows:

* * * ORDERED that the record of petitioner's psychiatric commitment shall be, and hereby is, expunged.

IT IS FURTHER ORDERED that the record of such commitment shall be physically removed and destroyed from any and all files in the Camden County Psychiatric Hospital, Office of the County Adjuster for the County of Camden and from any other place having a record of same.

IT IS FURTHER ORDERED that should any inquiry, official or unofficial, be made at any time in the future of the Camden County Psychiatric Hospital or of the County Adjuster for the County of Camden as to whether or not petitioner was ever admitted to the Camden County Psychiatric Hospital, the commitment shall be deemed not to have occurred, pursuant to *N. J. S. A.* 30:4–80.8.

The court rejected the order as to form as exceeding the statutory authority granted by *N. J. S. A.* 30:4–80.9 and invited argument or briefing of the question.

Petitioners responded, contending that the relevant statute authorizes a physical destruction of commitment records or a permanent seal of such records, and that unless controls are imposed on the dissemination and use of records, the expungement remedy affords no relief at all. Reliance is principally based on *In re Fortenbach*, 119 *N. J. Super.* 124 (Cty. Ct. 1972), involving expungement of a criminal record. The statute there applicable provides:

* * * An order may be granted directing the clerk of such court to expunge from the records all evidence of said conviction. * * * [*N. J. S. A.* 2A:164–28]

The statute here is not materially different, providing:

* * * An order shall be made directing the clerk of the court to expunge such commitment from the records of the court. [*N. J. S. A.* 30:4–80.9]

*Fortenbach, supra.,* held:

In view of the foregoing, the record of petitioner's arrest * * * is expunged, within the contemplation of *N. J. S. A.* 2A:164–28 * * * and the information concerning that record shall not hereafter be disseminated or made available to any other governmental or private agency or person.

This court is not in disagreement with that holding and the language.

The real problem lies in petitioners' efforts to have the court (a) order the destruction of records of the county adjuster (who maintains the files administratively for the clerk of the court) and (b) direct the hospital concerning its records. The statute clearly and specifically refers only to the court records (not hospital records) and makes no reference to destruction of any records.

To this, petitioner responds that *San-Lan Builders, Inc. v. Bexendale,* 28 *N. J.* 148 (1958) is applicable in its holding that

The will of the lawgiver is to be gathered from the object and nature of the subject matter, the contextual setting, and mischief felt and remedy in view. Scholastic strictness is to be avoided in the search for legislative intention. The particular terms are to be made responsive to the essential principle of the law. It is not the words but the internal sense of the act that controls.

It is argued that the statute is remedial in purpose, must be liberally construed and should be read to authorize destruction of records, for to do otherwise would provide a mere shell of a remedy.

The purpose of the statute here involved, which is to authorize the petitioner to answer questions directed to him, is evident from the last section of the act which provides:

If an order expunging such commitment is granted, the commitment shall be deemed not to have occurred and the petitioner may answer accordingly any question relating to its occurrence. [*N. J. S. A.* 30:4–80.11]

It grants relief to the *petitioner* in responding to questions directed to him. That, with the sealing of the court records, is the efficient remedy. Destruction of court or hospital records is not necessary to the relief contemplated nor is any direction to the hospital concerning its records. Had the Legis-

lature desired to be more specific, language such as was employed in *N. J. S. A.* 2A:85–17, enacted in 1973, could have been used:

(a) * * * the court may grant an order directing the clerk of the court and the parties upon whom notice was served to expunge from their records all evidence of said arrest including evidence of detention related thereto, and specifying those records to be expunged.

(b) If an order expunging the records is granted by the court, all the records specified in the order shall be removed from the files and placed in the control of a person who shall be designated to retain control over all records and who shall ensure that the records or the information contained therein is not released for any reason. In response to requests for information or records on the person who was arrested, the law enforcement officers and departments shall reply, with respect to the arrest and proceedings which are the subject of the order, that there is no record.

It cannot be assumed that the failure of the Legislature to be more specific in the instant case was inadvertent.

An order should be submitted confined to the statutory language as interpreted in *Fortenbach,* namely, "directing the Clerk of the Court to expunge such commitment from the records of the court," (*N. J. S. A.* 30:4–80.9), and that the information concerning that record shall not hereafter be disseminated or made available to any other governmental or private agency or person.